**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| NORBERTO RAFAEL LAMEDA RODRIGUEZ,<br><br>Petitioner,<br><br>v.<br><br>FERETI SEMAIA et al.,<br><br>Respondents. | Case No. 5:26-cv-05923-DFM<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

## I. INTRODUCTION

Petitioner Norberto Rafael Lameda Rodriguez filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his continued detention by U.S. Immigration and Customs Enforcement ("ICE"). See Dkt. 1 ("Petition"). This is his third habeas petition concerning the same detention. Respondents filed an Answer. See Dkt. 9.[1]

[1] Respondents' Answer was due on October 14, 2026. See Dkt. 5; Traverse ¶ 1. Petitioner notified the Court the next day that no answer had been filed. See Dkt. 7. Respondents filed their Answer on October 19, 2026, five days late. They did not seek an extension or leave to file late, and the Answer offers no explanation for the delay. The Court sets short briefing schedules in immigration habeas cases because a person's liberty is at stake, and it expects the government to meet them. Failure to do so may result in the

For the reasons set forth below, Counts Two, Three, and Five are **DISMISSED** without prejudice for failure to exhaust administrative remedies. Counts One and Four are **DENIED**.

## II. BACKGROUND

Petitioner, a citizen of Venezuela, entered the United States without inspection near Eagle Pass, Texas, in June 2023 and was released on an order of recognizance. See Dkt. 1-1 ("Form I-213") at 3-4. ICE re-arrested him on December 6, 2025. See id. at 4; Petition ¶ 23. On March 3, 2026, an immigration judge ("IJ") denied his request for a change in custody status, citing danger and flight risk. See Dkt. 1-3. On May 13, 2026, an IJ ordered him removed, and he timely appealed to the BIA; that appeal remains pending. See Petition ¶ 32; Dkt. 1-6 (BIA filing receipt dated May 27, 2026).

On September 24, 2026, an IJ held a further custody hearing at which the government bore the burden of proof. The IJ found by clear and convincing evidence that Petitioner posed a flight risk that no bond or alternative to detention could mitigate. See Dkt. 1-4 ("Sept. 24 Order") at 1-2. Petitioner reserved his right to appeal, and his appeal is due October 26, 2026. See id. at 3.

---

Court considering the petition unopposed, as the government has adopted a practice of not appearing or opposing in some immigration habeas cases.

Petitioner asks the Court to decline to consider the Answer under Local Rule 7-12, which he acknowledges is discretionary. See Traverse ¶¶ 4, 7. The Court declines that invitation and accepts the Answer as filed. Petitioner has responded to it fully in his Traverse. Respondents' default would not itself have entitled Petitioner to relief. See Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990); Traverse ¶ 6. And the Court's resolution of the Petition rests principally on Petitioner's own filings and this Court's prior orders.

Respondents are cautioned that future failures to comply with Court-ordered deadlines may result in additional consequences.

Petitioner has twice before sought habeas relief from this detention. His first petition sought a bond hearing. After he received one, the Court recommended dismissal as moot. See Lameda Rodriguez v. Noem, No. 5:26-cv-00873-ODW-DFM, Dkt. 11 (C.D. Cal. Mar. 27, 2026). In the second, the Court dismissed Petitioner's due process challenges to the March 2026 custody decision without prejudice for failure to exhaust administrative remedies. It also denied his Fourth Amendment challenge to the December 2025 arrest. See Lameda Rodriguez v. Semaia, No. 5:26-cv-03854-DFM, Dkt. 13 (C.D. Cal. July 30, 2026).

The current Petition asserts five claims: (1) his warrantless arrest violated 8 U.S.C. §§ 1226(a) and 1357(a)(2); (2) the September 24 Order was an abuse of discretion; (3) the September 24 hearing violated procedural due process; (4) his prolonged detention violates due process; and (5) the September 24 Order was arbitrary and capricious under the Administrative Procedure Act. See Petition ¶¶ 64-118. He seeks release and fees. See id. at 28. Respondents contend that Petitioner failed to exhaust his administrative remedies, that the Court may not reweigh the IJ's findings, that the hearings he received satisfied due process, and that his claims are barred by the abuse-of-the-writ doctrine. See Answer at 2-7. In his Traverse, Petitioner asks the Court to disregard the Answer as untimely. He contends that Respondents have forfeited any opposition by failing to address his claims and that exhaustion should be excused. See Traverse at 2-8.

## III. DISCUSSION

A district court may grant habeas relief when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 1226(e) does not bar review of whether an IJ applied the correct legal standard in a custody determination. See Martinez v.

Clark, 124 F.4th 775, 781-85 (9th Cir. 2024). Such review is for abuse of discretion, and the Court may not reweigh the evidence. See id.

## A. Counts Two, Three, and Five: Failure to Exhaust

Exhaustion of administrative remedies in this setting is prudential rather than statutory. A court may require it where "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (citation omitted). A detainee who receives a bond hearing before an IJ may appeal to the BIA. If the BIA rules against him, he may then seek habeas relief. See Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011). Pursuing habeas review of an adverse bond determination before appealing to the BIA is an improper "short cut." Id.

Petitioner has attempted to take that short cut again. Counts Two, Three, and Five each attack the September 24 Order. They contend that the IJ misapplied the governing bond standards, failed to consider favorable evidence, and did not adequately explain the result. See Petition ¶¶ 68-104, 112-118. Petitioner reserved appeal of that order, and his time to appeal runs through October 26, 2026. See Sept. 24 Order at 3. The Petition asserts that Petitioner "timely appealed the adverse custody determination." Petition ¶ 37. But the only BIA filing in the record concerns his appeal of the removal order, see Dkt. 1-6, and Respondents represent that there is no record of a bond appeal, see Answer at 2-3. The Court dismissed comparable claims in Petitioner's last case for the same reason. See Lameda Rodriguez, No. 5:26-cv-03854-DFM, Dkt. 13 at 5-7.

The Puga factors favor requiring exhaustion here as they did then. The claims concern how the IJ weighed the evidence bearing on flight risk, and the BIA routinely reviews such custody determinations. Excusing exhaustion while Petitioner's appeal period remains open would reward bypassing the administrative scheme a second time. And BIA review may correct any error.

The strongest point in Petitioner's favor illustrates why. The September 24 Order describes Petitioner as having "a final order of removal that is on appeal to the board of immigration appeals." Sept. 24 Order at 1. Petitioner correctly observes that a removal order does not become final while a timely appeal is pending. See 8 C.F.R. § 1241.1(a); Petition ¶¶ 91, 102. The same sentence of the IJ's order, however, acknowledges that the appeal is pending, and the order elsewhere notes that his application for relief "is on appeal." Sept. 24 Order at 1-2. Whether the IJ's phrasing reflects a mistaken premise that affected the flight-risk analysis, or only imprecise wording, is the kind of question the BIA is well positioned to resolve in the first instance.

Petitioner's remaining arguments for excusing exhaustion do not change the result. He contends that his claims are legal and constitutional. See Petition ¶ 38; Traverse ¶¶ 23-25. But a petitioner must exhaust constitutional claims that the BIA can review on appeal. See Leonardo, 646 F.3d at 1160. He also invokes the exceptions for inadequate remedies, futility, and irreparable injury. See Traverse ¶¶ 26-28 (citing Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004), and Hernandez v. Sessions, 872 F.3d 976, 988-89 (9th Cir. 2017)). Hernandez excused exhaustion of a class challenge to a policy that did not require consideration of detainees' ability to pay. That challenge presented purely legal questions, and the agency's position on them was already set. See 872 F.3d at 988-89. Petitioner's claims, by contrast, challenge how one IJ weighed the evidence in his case, and he identifies no BIA policy that would predetermine the outcome of his appeal. Continued detention pending that

appeal is a harm common to every detainee who appeals a bond denial. It does not show that the remedy is inadequate, particularly when the appeal remains available to him now.

Counts Two, Three, and Five are dismissed without prejudice for failure to exhaust administrative remedies.

**B. Count One: Abuse of the Writ**

The abuse-of-the-writ doctrine applies to § 2241 petitions. It "forbids the reconsideration of claims that were or could have been raised in a prior habeas petition." Eldridge v. Howard, 70 F.4th 543, 551 (9th Cir. 2023) (citation omitted). A successive petition raising such a claim must be dismissed unless the petitioner shows cause and prejudice or a fundamental miscarriage of justice. See id. (quoting Alaimalo v. United States, 645 F.3d 1042, 1049 (9th Cir. 2011)). The question is whether, looking to the claim's substance, the petitioner "had a full and fair opportunity to raise the claim in the prior application." Id. at 552 (citation omitted).

Count One challenges Petitioner's December 2025 arrest. Petitioner challenged that same arrest in his last case, and the Court denied the claim. See Lameda Rodriguez, No. 5:26-cv-03854-DFM, Dkt. 13 at 7-8. He now invokes 8 U.S.C. §§ 1226(a) and 1357(a)(2) rather than the Fourth Amendment. But the claim's substance is unchanged: that the arrest was made without a warrant or the statutory exception, and that his detention is therefore unlawful. Compare Petition ¶¶ 64-67, with Lameda Rodriguez, No. 5:26-cv-03854-DFM, Dkt. 13 at 7-8. Every fact on which the statutory theory rests was known when Petitioner filed his last petition. Petitioner's Traverse does not respond to the argument or identify any cause for failing to raise the statutory theory earlier. Count One is therefore barred.

It would fail on the merits in any event. As the Court explained in Petitioner's last case, a defect in the initial arrest does not, without more,

render subsequent immigration detention unlawful or require release. See id. at 8. That is particularly so here, where Petitioner has since received two custody determinations by an IJ.

## C. Count Four: Prolonged Detention

Petitioner has been detained since December 2025. He acknowledges that detention under § 1226(a) does not become unconstitutional merely because time has passed. See Petition ¶ 108. The Ninth Circuit has held that § 1226(a)'s procedures, which include a bond hearing before an IJ, an appeal to the BIA, and the opportunity to seek a new hearing on changed circumstances, satisfy due process. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1212-14 (9th Cir. 2022). "That [a detainee] objects to the outcome of his proceedings does not demonstrate a procedural due process violation." Id. at 1213.

Petitioner has received more than those procedures guarantee. He has had two IJ custody hearings, and at the second the government bore the burden of justifying his detention by clear and convincing evidence. See Sept. 24 Order at 1. His prolonged-detention claim depends on the asserted defects in the September 24 hearing. See Petition ¶¶ 109-111. Those defects are unexhausted, and on this record they reflect disagreement with the outcome. The duration of Petitioner's detention does not, on these facts, establish a due process violation. Count Four is denied.

///

///

///

///

///

///

///

## IV. ORDER

For the foregoing reasons, IT IS ORDERED that:

1. Counts Two, Three, and Five of the Petition (Dkt. 1) are **DISMISSED** without prejudice for failure to exhaust administrative remedies.

2. Counts One and Four of the Petition are **DENIED**.

Date: October 23, 2026

DOUGLAS F. McCORMICK
United States Magistrate Judge